The Chicago, Burlington & Quincy Railroad Company

v.

Solomon Goldman.

*Trover—Instructions.*

In an action of trover to recover the value of goods alleged to have been shipped from a point named, to plaintiff, the contention being that they came into the possession of defendant as the last in the line of carriers to the place to which they had been shipped, in view of the giving of erroneous instructions in behalf of the plaintiff, ignoring the fact that the evidence fell short of establishing beyond doubt that defendant company received the goods, this court holds that the judgment against it can not stand.

[Opinion filed January 7, 1893.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Mr. Chester M. Dawes, for appellant.

Mr. Milford J. Thompson, for appellee.

Mr. Justice Waterman.   This was an action of trover to recover the value of goods alleged to have been shipped at Baltimore, Maryland, to the plaintiff at Spring Valley, Illinois.   It was not claimed that the defendant received the goods at the point of shipment, but that they, on their way

to Spring Valley, came into the possession of the C. B. & Q. Ry. Co., as the last in the line of the carriers to that place. There was a verdict and judgment for the plaintiff, from which this appeal is prosecuted.

The railroad company denied that it had ever received the goods, and the evidence upon this point was far from establishing beyond doubt, that they came to its hands; yet the court, at the instance of the plaintiff, gave to the jury the following instruction :

" If you find from the evidence that the goods were shipped, and further find that they were not delivered to plaintiff, and that he appeared at the point of destination within a reasonable time after the goods were received, or could have been received, in the ordinary course of transportation, and a demand was made therefor by the shipper or his agent, and you further find that the defendant failed to deliver the goods on such demand, you will then find the defendant guilty of conversion, and fix the penalty in the sum of the value of the goods, in addition to such damages, if any, as have been actually sustained by the plaintiff through the negligence of the defendant and its agents, provided you believe, from the evidence, that said defendant was guilty of negligence." This was clearly erroneous.

The goods were not delivered by the plaintiff to appellant, but to another company. The instruction holds the railroad company liable, if the goods were not delivered to the plaintiff within a reasonable time after they could have been received in the ordinary course of transportation. That is, this defendant is made liable for the acts of transportation companies and others into or through whose hands the goods passed, although they may never have reached the hands of appellant.

The court also gave the following instruction : " The jury is instructed that the law imposes upon a carrier the duty of transporting goods from one point to another as promptly as the ordinary course of traffic will permit, and that the carrier is liable for all damage or loss of goods to the owner unless he can show that such damage or loss is not the

fault or negligence of the carrier and its agents. And the burden is upon the common carrier to show a want of negligence on its part."

This was calculated to mislead. The rule announced is only applicable to a carrier into whose hands goods actually come. There was no pretense that appellant did not, if the goods came to its hands, forward them promptly; the evidence of the plaintiff tended to show, only, that it lost them after their arrival at Spring Valley. The instruction had, under the evidence, no place in the trial of this cause.

We regard it as questionable if the admissions of an agent, concerning a past transaction, are admissible in evidence against the principal, when such admissions have never been acted upon. It is seldom that the authority of an agent extends to the making of admissions as to what has been done at a past time, in a transaction then at an end. Wharton on Evidence, Sec. 1180.

This phase of the case has not been discussed by counsel, and as it may not arise upon another trial, we refrain from further consideration of the subject.

The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*